UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL THERON CLARK,

    Plaintiff,

    v.

OFFICER COE, et al.,

    Defendants.

CAUSE NO. 3:19-CV-698-RLM-MGG

OPINION AND ORDER

Michael Theron Clark, a prisoner without a lawyer, filed a complaint alleging that Officer Coe used excessive force against him and that Officer Loucks failed to intervene to stop Officer Coe. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

On December 27, 2018, officers were called to the housing unit where Mr. Clark was assigned due to a "possible situation."[1] Mr. Clark was laying on his back on the bottom bunk in his cell when Officer Coe and Officer Loucks

---

[1] Mr. Clark provides no details about the nature of the situation.

approached. Officer Coe had her taser drawn and was aiming the red laser at Mr. Clark's chest. Officer Loucks was aiming what Mr. Clark believed to be a pepper gun at him. Officer Coe ordered Mr. Clark to get on the ground, but Mr. Clark was too scared to comply. He did, however, put his hands up in the air where they could be seen. He was ordered to the ground two or three more times, but again he didn't move or speak, and his hands remained in the air. When Mr. Clark didn't comply with Officer Coe's order, she tased Mr. Clark.

The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." Hendrickson v. Cooper, 589 F.3d 887, 890 (7th Cir. 2009). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. Id. Giving Mr. Clark the inferences to which he is entitled at this stage of the proceedings, he has plausibly alleged that Officer Coe used excessive force against him when she tased him while he kay on his back with his hands in the air.

Mr. Clark also alleges that Officer Loucks should have intervened to stop Officer Coe. State actors "who have a realistic opportunity to step forward and prevent a fellow [state actor] from violating a plaintiff's right through the use of excessive force but fail to do so" may be held liable. Miller v. Smith, 220 F.3d 491, 495 (7th Cir.2000) (citing Yang v. Hardin, 37 F.3d 282, 285 (7th Cir. 1994)). It can't be plausibly inferred that Officer Coe's alleged use of excessive force

2

lasted long enough for Officer Loucks to intervene. Mr. Clark hasn't stated a claim for failure to intervene against Officer Loucks.

For these reasons, the court:

(1) GRANTS Michael Theron Clark leave to proceed against Officer Coe in her individual capacity for monetary damages for using excessive force against Michael Theron Clark on December 27, 2018, by tasing him while he was laying on his back with his hands in the air, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Officer Loucks;

(4) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Officer Coe at the Elkhart County Sheriff's Department or Officer Coe's last known address[2] with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(5) ORDERS pursuant to 42 U.S.C. § 1997e(g)(2), that Officer Coe respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on November 12, 2019

                                                  s/ Robert L. Miller, Jr.
                                                  JUDGE
                                                  UNITED STATES DISTRICT COURT

---

[2] Mr. Clark notes on his proposed summons that he does not believe that Officer Coe remains employed at the Elkhart County Jail. (ECF 1-3 at 1.)